## No. 2132—J. D. SMITH v. HIS CREDITORS.

<div style="float:right">21   241<br>47   1405</div>

The tacit mortgage of the heirs of their deceased mother on the property of their father, for the restitution of the paraphernal property, or funds which he has received, only attaches on the property of the father from and after the date at which he becomes the owner of the property.

The mortgage, resulting from a judgment against the husband and his brother *in solido*, rendered and recorded before the sale of the property from the brother to the husband, will take precedence of the tacit mortgage against the property of the husband in favor of the heirs for the restitution of the paraphernal funds of their mother deceased. Such preference of mortgage rights may be enforced against the proceeds where the property has been sold.

A written act of sale of real estate has no effect against third parties until it is recorded in the proper office, unless it is shown that the party affected by it had knowledge of its existence and contents.

APPEAL from the District Court, parish of West Feliciana. *Miller*, *J. W. D. Winter*, for plaintiff and appellant. *Collins & Leake* and *Race*, *Foster & E. T. Merrick*, for opponent and appellee.

HOWELL, J. The syndic herein filed an account of his administration, by which, after allowing certain charges, he proposed to distribute the balance of the funds in his hands among the heirs of Mrs. Mary C. Smith, wife of the insolvent, on account of their claim for paraphernal funds received by the insolvent during the marriage and secured by legal mortgage. He also set down the said heirs as creditors with tacit mortgage in the sum of ten thousand dollars, for half the value of cotton on hand at the death of their mother and sold by the father.

Alfred Penn, as a creditor, with a judgment duly recorded against Gordon A. and Joseph D. Smith, *in solido*, opposed the account on the grounds, among others, that his claim is omitted; that the claim of the heirs of Mrs. Smith to the funds to be distributed, and that for ten thousand dollars, are not legal charges against the insolvency, and if they exist, are ordinary claims; and that his mortgage upon the property sold is superior to the title of J. D. Smith, the insolvent, who acquired it after the death of his wife.

The facts necessary to the inquiry are the following :

In 1845 the Bank of Louisiana caused a plantation, called " Solitude,"

31

and the slaves thereon, to be sold as the property of J. D. Smith, and became the purchaser thereof.

In 1846 the bank sold the same property to Gordon A. Smith, a brother of said J. D. Smith, and took a mortgage to secure the amount of the bond given in payment of the price. Ten days thereafter, Gordon A. Smith executed this instrument:

ST. FRANCISVILLE, May 18, 1846.

Having purchased of the Bank of Louisiana a certain tract of land, known as the Solitude plantation, and the slaves thereon, mentioned in said sale, mortgaged to the Bank by Joseph D. and Luther L. Smith, I, Gordon A. Smith, do agree and obligate myself, my heirs and assigns, when the amount of my bond for the sum of $11,779 97, shall have been satisfied, with the interest, to the Bank of Louisiana, by Joseph D. Smith and his wife Mary Cora Smith, to transfer and make good to them the titles to said property, they to remain in possession of the same, to guard and repair as for their own use and benefit, said property.

(Signed)                              GORDON A. SMITH.

In 1858 this same property was seized under a *fi. fa.* issued in the case of the "Union Bank of Louisiana *v.* Joseph D. Smith, Luther L. Smith and Ann E. Smith," when Gordon A. Smith, *as owner thereof*, enjoined the sale. A compromise was effected, by which Gordon A. Smith and Joseph D. Smith gave the Union Bank their joint and several notes amounting to five thousand dollars, which became the property of Penn, the opponent, who obtained judgment on three of them in 1865, against G. A. and J. D. Smith, *in solido*, which was recorded on seventh December, 1865.

In June, 1863, Mrs. Mary C. Smith died, leaving nine children, the eldest being then married and of age.

On seventeenth May, 1866, Gordon A. Smith, by authentic act, sold the Solitude plantation to J. D. Smith, nominally for five thousand dollars cash, but shown, by the testimony of the two, to have been in consideration of the payment by J. D. Smith, prior to January, 1860, to the Bank of Louisiana, of the amount of G. A. Smith's bond, in compliance with the above document of eighteenth May, 1846.

On twenty-third May, 1866, six days after the above transfer, the succession of Mrs. Smith was opened and the father was confirmed in the tutorship of seven of the children. In the inventory, the "Solitude" plantation was included as community property, and the paraphernal claims, allowed by the syndic, were described. Counsel for the opponent admit in their brief that funds of the wife amounting to six thousand dollars, were received by the husband in 1857 or 1858.

On thirty-first January, 1867, J. D. Smith made a cession of his property to his creditors, placing on his schedule said plantation as community property, the proceeds of which are now in controversy between Penn and the heirs.

It is clear that the judicial mortgage in favor of Penn, the opponent, attached to said property on the seventh December, 1865, whether it belonged to Gordon A. Smith or Joseph D. Smith, for his judgment was against both, *in solido,* and was recorded on that day; and the question is, had the mortgage set up by the heirs previously attached? If so, it is because the property belonged to J. D. Smith before Penn's judgment was recorded.

The *legal* title to the property existed in Gordon A. Smith, until he transferred it on the seventeenth May, 1866, but it is contended that the property actually belonging to Joseph D. Smith by virtue of the instrument of eighteenth May, 1846, the payment made by him in accordance therewith prior to the year 1860, and his constant possession up to the sale in these proceedings. This document, however, was never recorded, and whatever may have been its effect as between the parties, it had none as to Penn, until it was adduced on the trial of his opposition herein—unless he had knowledge of it before, which is not shown. It is urged that his attorneys were aware of the actual ownership in J. D. Smith, because they were the attorneys of the Union Bank in 1858, when its seizure was enjoined and the compromise was made, and also were the attorneys of the insolvent in opening the succession in May, 1866, when under their advice or superintendence, the "Solitude" plantation was inventoried as community property.

The knowledge, presumed from the injunction against the Union Bank, is adverse to any ownership in J. D. Smith at that time; for the injunction was successful in leaving the ownership claimed and sworn to by Gordon A. Smith, undisturbed and recognized. At the date of opening the succession of Mrs. Smith, the transfer had been made to J. D. Smith, and the act of inventorying it as community property does not imply a knowledge in the attorneys that it had belonged to J. D. Smith by virtue of the written instrument in question.

In no other mode is knowledge imputed to the opponent, and we are not prepared to charge him with any such knowledge upon the evidence in the record, which, on the contrary, shows the title to have been in Gordon A. Smith from the eighth May, 1846 to the *seventeenth May,* 1866—over twenty years—during which time his creditors could have made it liable for their claims against him. 6 A. 809 ; 16 A. 436. The claim of the opponent had its origin, as to him, in 1858, and passed into the form of a judgment with mortgage against him *on seventh December,* 1865, and the property went into the hands or ownership of J. D. Smith incumbered with said mortgage, and then became also subject to the mortgage as against the purchaser, J. D. Smith, by virtue of the same judgment. C. C. Arts. 3289 and 3296. This case is not parallel to that of Peters *v.* Toby, 10 A. 410.

Our conclusion is, that the mortgage of the opponent is superior to any in favor of the heirs of Mrs. Smith, deceased wife of the insolvent,

and that, under the circumstances, this mortgage can be enforced against the proceeds in the hands of the syndic. They are the proceeds of the property subject to opponent's mortgage, which he can follow, and there is no proof that the mortgagor has other property. C. C. 3362; C. P. 301, 402, 403; 7 A. 344. Such a proceeding avoids a circuity of action.

As the judgment of the District Court simply denies the right of the heirs to the fund derived from the sale of the plantation, distributed in the account now before the court, and cannot affect their claims against any fund to be hereafter distributed, or against their father, we deem it unnecessary to disturb said judgment; nor do we think it essential to pass on the bills of exception in the record.

Judgment affirmed.